# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ASTER GESSESSE,<br><br>   Plaintiff,<br><br>v.<br><br>SUMMIT CONSTRUCTION & DEVELOPMENT, LLC AND RUBEN B. DURAN,<br><br>   Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Aster Gessesse ("Plaintiff"), by and through the undersigned counsel, and files this Complaint against Summit Construction & Development, LLC ("Summit") and Ruben B. Duran ("Duran"), in his individual capacity, (collectively "Defendants"), and shows the following:

## NATURE OF ACTION

1. Plaintiff brings this Action to seek relief for violations of the Fair Labor Standards Act (as amended), 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim arises under Federal law.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (1) Defendant resides within this judicial district and (2) the unlawful conduct giving rise to this action was committed within this judicial district.

## PARTIES

4. Plaintiff is a U.S. Citizen and a resident of the State of Georgia.

5. Summit is a Georgia corporation with its principal place of business at 2108 Bentley Drive SW, Stone Mountain, Georgia 30087.

6. Summit may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Ruben B. Duran, at 2108 Bentley Drive SW, Stone Mountain, Georgia 30087.

7. Duran acted directly or indirectly in the interests of an "employer" in relation to Plaintiff.

8. Duran is the sole owner of Summit.

9. Duran controlled the day-to-day operations at Summit.

10. Duran exercised control over all aspects of Plaintiff's employment, including Plaintiff's compensation.

11. Duran made the decision to (a) misclassify Plaintiff as an exempt employee and (b) refuse to pay Plaintiff overtime.

12. Duran is a resident of the state of Georgia and may be served with process by delivering a copy of the Summons and Complaint to him at his place of business at 2108 Bentley Drive SW, Stone Mountain, Georgia 30087.

13. Defendants are governed by and subject to the FLSA.

14. At all relevant times, Summit was an enterprise engaged in commerce or in the production of goods for commerce.

15. At all relevant times, Summit had at least two (2) employees engaged in interstate commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

16. Summit provides concrete, grading, and asphalt paving services. To perform these services, Summit's workers utilize equipment, goods, and materials that have been manufactured out-of-state.

17. At all relevant times, Summit had at least $500,000.00 in annual gross volume of sales made or business done.

18. Plaintiff was Defendants' "employee" as that term is defined under the FLSA.

19. Defendants were Plaintiff's "employers" as that term is defined under the FLSA.

20. Defendants categorized Plaintiff as a W-2 employee and controlled all aspects of Plaintiff's work, including her job duties, compensation, work hours, and "exempt" misclassification (which prompted this action).

## FACTS

21. Plaintiff immigrated to the United States from Ethiopia and speaks English as a second language.

22. Plaintiff earned a Diploma in Business Technology from Dekalb Technical College (now Georgia Piedmont Technical College).

23. In 2015, Plaintiff started working at Summit as an Administrative Assistant/Accounts Payable Clerk.

24. In that role, Plaintiff performed routine administrative duties, including accounts payable work.

25. Plaintiff consistently worked more than forty (40) hours per week.

26. Initially, Plaintiff was paid on an hourly basis and was paid overtime for every hour worked over 40 in a week.

27. As of April 2, 2018, however, Summit started paying Plaintiff $800.00 per week and stopped paying Plaintiff overtime. Significantly, Plaintiff continued to perform the same non-exempt job duties.

28. Summit knew that Plaintiff continued to work more than 40 hours per week, but it refused to pay her overtime.

29. Plaintiff continued to clock in and out each day, and Summit reported those hours on Plaintiff's paystubs in most weeks. For example, the week of August 8,

2018, Plaintiff worked 50.15 hours, but she was not paid overtime. See August 8, 2018 paystub, attached as **Exhibit "A."**

30.     Plaintiff complained to Duran about not being paid overtime. Duran responded that Plaintiff was no longer entitled to overtime because he made her a salaried employee and, per Summit's policy, salaried employees do not get paid overtime. See Section 1.10 of Summit's Employee Handbook ("Overtime Policy"), attached as **Exhibit "B."** Summit's Overtime Policy states that "[e]xempt employees are paid on a salary basis [and] are not eligible for overtime." See **Exhibit "B."**

## COUNT ONE
## FAILURE TO PAY OVERTIME UNDER THE FLSA

31.     Plaintiff incorporates Paragraphs 4 through 30 of this Complaint by reference.

32.     Defendants violated the FLSA by failing to pay Plaintiff overtime for all hours worked over 40 in a week.

33.     Between April 2, 2018 and May 3, 2020 (the "Relevant Period"), Plaintiff consistently worked more than 40 hours in a week but was not paid overtime.

34.     At all relevant times, Plaintiff performed non-exempt work.

35.     Plaintiff was an Administrative Assistant/Accounts Payable Clerk.

36.     In that role, Plaintiff performed routine administrative duties and accounts payable work (e.g., entering billing information, communicating with vendors, etc.).

37. Defendants acted in willful disregard of their obligations under the FLSA, and therefore, the statute of limitations period should be extended from two years to three years.

38. Defendant knew or should have known that Plaintiff was a non-exempt employee and was entitled to be paid overtime.

39. At all times throughout Plaintiff's employment, she performed the same non-exempt job duties.

40. Thus, even after Summit started paying Plaintiff $800.00 per week, Plaintiff was still entitled to be paid overtime for every hour worked over 40 in a week.

41. Defendants' Overtime Policy – that employees are exempt from overtime pay merely because they are paid a salary – is a blatant violation of the FLSA. It is well established that an employee is not exempt from overtime under the FLSA solely by virtue of being paid a salary.

42. Plaintiff is entitled to recover her actual unpaid overtime, liquidated damages in an amount equivalent to her actual unpaid overtime, and her attorneys' fees and costs.

43. Plaintiff estimates that she worked 47 hours on average per week in 2018 and 45 hours on average in 2019 and 2020.

44. Plaintiff estimates that she is owed approximately **$5,645.53** in actual unpaid overtime for the Relevant Period.

45.     Plaintiff estimates that she is owed approximately $2,323.23 in unpaid overtime for 2018. That amount was calculated as follows: (7 [Avg. Wkly. OT Hrs.] x $8.51 [Half-Time OT Rate] x 39 [Wks.]).

46.     Plaintiff estimates that she is owed approximately $2,322.40 in unpaid overtime for 2019. That amount was calculated as follows: (5 [Avg. Wkly. OT Hrs.] x $8.89 [Half-Time OT Rate] x 41 [Wks.] + (5 [Avg. Wkly. OT Hrs.] x $11.11 [Half-Time OT Rate][1] x 9 [Wks.]).

47.     Plaintiff estimates that she is owed approximately $999.90 in unpaid overtime for 2020. That amount was calculated as follows: (5 [Avg. Wkly. OT Hrs.] x $11.11 [Half-Time OT Rate] x 18 [Wks.]).

48.     Plaintiff reserves the right to modify this estimate based on the evidence she obtains during discovery.

## DEMAND FOR JURY TRIAL

49.     Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully prays for relief as follows**:

(1)     For a trial by jury;

(2)     For actual unpaid overtime damages in the amount of $5,645.53;

(3)     For an equivalent amount in liquidated damages (i.e., $5,645.53);

---

[1] Plaintiff's pay increased to $1,000.00 per week.

(4)    For her attorneys' fees and costs; and

(5)    For such other and further relief as this honorable Court deems just and proper.

Respectfully submitted this 12th day of October, 2020.

                                              SMITH LAW, LLC

                                              */s/ Louise N. Smith*
                                              Louise N. Smith
                                              Georgia Bar No. 131876
                                              louise@smithlaw-llc.com
                                              William J. Smith
                                              Georgia Bar No. 710280
                                              william@smithlaw-llc.com
                                              *Attorneys for Plaintiff*

3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-5191 (main)
F: (844) 828-5615

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing pleading was prepared using Times New Roman, 14-point font.

This the 12th day of October, 2020.

                                                    */s/ Louise N. Smith*
                                                   Louise N. Smith
                                                   Georgia Bar No. 131876

## CERTIFICATE OF SERVICE

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action pursuant to Fed. R. Civ. P. 4.

This the 12th day of October, 2020.

                                                    */s/ Louise N. Smith*
                                                   Louise N. Smith
                                                   Georgia Bar No. 131876